NOT DESIGNATED FOR PUBLICATION

No. 116,659

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PONDRE JAVAUGHN MCCLOUD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; BRENDA M. CAMERON, judge. Opinion filed February 2, 2018. Sentence vacated and remanded with directions.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., STANDRIDGE, J., and STUTZMAN, S.J.

PER CURIAM:  Pondre Javaughn McCloud appeals his sentence, arguing for the first time on appeal that the district court erred in calculating his criminal history score as C because it improperly classified a prior 2014 Missouri conviction as a person offense. Because the record is incomplete and prevents our review of this question, we vacate McCloud's sentence and remand the matter to the district court for a redetermination of his sentence.

1

In January 2016, McCloud pled guilty to one count of distribution of marijuana, a severity level 4 drug felony; one count of possession of drug paraphernalia, a severity level 5 drug felony; and one count of criminal possession of a firearm by a convicted felon, a severity level 8 nonperson felony. At sentencing in May 2016, McCloud did not object to his criminal history score of C, which was based in part on the classification of his 2014 Missouri conviction for "Resist/Arrest/Detention/Stop by Fleeing—Creating a Substantial Risk of Serious Injury/Death to Any Person" as a person felony. Pursuant to the plea agreement and McCloud's criminal history score of C, the district court sentenced McCloud to a controlling term of 57 months in prison.

McCloud timely appeals his sentence.

McCloud's sole argument on appeal is that the district court erred in classifying his prior 2014 Missouri conviction as a person felony for criminal history score purposes. McCloud acknowledges that he did not object to the district court's calculation of his criminal history score of C at sentencing, but he correctly asserts that we may consider a challenge to the classification of a prior conviction in a criminal history score as constituting an illegal sentence for the first time on appeal. See K.S.A. 22-3504(1); *State v. Dickey*, 305 Kan. 217, 220, 380 P.3d 230 (2016).

Resolving criminal history score issues requires interpretation of the revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2016 Supp. 21-6801 et seq., which presents questions of law over which we have unlimited review. *State v. Keel*, 302 Kan. 560, Syl. ¶ 4, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016); see *State v. Collier*, 306 Kan. 521, 528, 394 P.3d 1164 (2017).

The revised KSGA outlines the procedure that a sentencing court must follow when classifying prior convictions for the purpose of calculating a defendant's criminal history score. K.S.A. 2016 Supp. 21-6811(e) governs the classification of a prior out-of-

state conviction. Under this statute, a prior conviction must be classified as a misdemeanor or a felony according to how the "convicting jurisdiction" classified the crime. K.S.A. 2016 Supp. 21-6811(e)(2). Here, McCloud's 2014 Missouri conviction was classified as a felony, and McCloud does not contest this classification.

Second, the court must determine whether the prior out-of-state conviction should be classified as either a person or nonperson offense. K.S.A. 2016 Supp. 21-6811(e)(3). To classify the prior conviction as person or nonperson, the sentencing court must find a "comparable offense" to the out-of-state conviction under the Kansas criminal code that was in effect on the date the current crime of conviction was committed. K.S.A. 2016 Supp. 21-6811(e)(3); see *Keel*, 302 Kan. at 590. If there is no comparable offense, then the out-of-state conviction must be classified as a nonperson crime. K.S.A. 2016 Supp. 21-6811(e)(3).

Unfortunately, we do not have a sufficient record to determine the merits of McCloud's appeal. The record on appeal provides that McCloud committed his current crimes of conviction on April 16, 2015. The only information in the record regarding McCloud's 2014 Missouri prior conviction at issue is found in the presentence investigation report (PSI). Although the individual who prepared the PSI labeled McCloud's 2014 Missouri conviction as "Resist/Arrest/Detention/Stop by Fleeing— Creating a Substantial Risk of Serious Injury/Death to Any Person," the individual did not identify the Missouri statute under which McCloud was convicted. The record also contains different dates of conviction for McCloud's 2014 Missouri conviction. The PSI identifies McCloud's date of conviction as July 3, 2014, while other parts of the record identify his date of conviction as August 7, 2014. The PSI also does not identify the comparable Kansas statute used to classify McCloud's 2014 Missouri conviction as a person felony.

3

Given this scant record, we are unable to determine with certainty under what Missouri statute McCloud was convicted, which in turn prevents our review of the district court's classification of McCloud's prior conviction as a person crime. Accordingly, we vacate McCloud's sentence and remand the issue back to the district court for a redetermination of the appropriate classification for McCloud's 2014 Missouri conviction.

Vacated and remanded.